UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHELTON BEAMAN,

                                         Plaintiff,

     vs.                                                                     9:12-CV-1625
                                                                                 (DNH/ATB)

BRUCE YELICH,

                                         Defendant.
_____

SHELTON BEAMAN
Plaintiff, pro se

ADRIENNE J. KERWIN, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge. In this pro se complaint, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that money was deducted from his inmate account without notice or an opportunity to be heard in violation of his right to due process under the Fourteenth Amendment.[1]

Currently before the Court is defendants' motion pursuant to Rule 41(b) of the

---

[1] Plaintiff also alleged that defendant was deliberately indifferent to plaintiff's complaint about the deduction because he failed to conduct a thorough investigation. This claim was dismissed by Decision and Order dated February 11, 2013. (Dkt. No. 9 ("February Order") at 6-7). Plaintiff's due process claim was also dismissed by the February Order, however, his motion for reconsideration was granted to the limited extent that the action was re-opened as to his due process claim against defendant. (Dkt. No. 12 at 3).

Federal Rules of Civil Procedure ("Rules") to dismiss the complaint for failure to prosecute. (Dkt. No. 24). For the following reasons the court recommends that the motion be granted and plaintiff's complaint be dismissed.

## DISCUSSION

**I. Background**

Plaintiff filed this action on October 31, 2012 (Dkt. No. 1). His motion to proceed *in forma pauperis* was granted and service was ordered on June 13, 2013. (Dkt. No. 12 ("June Order")). The June Order informed plaintiff that he "**is [] required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**." (June Order at 5) (emphasis in original). On August 31, 2013, defendant answered plaintiff's complaint. (Dkt. No. 20). I issued a Mandatory Pretrial Discovery and Scheduling Order ("the Scheduling Order") on September 3, 2013. (Dkt. No. 21). The Scheduling Order was mailed to plaintiff at Bare Hill Correctional Facility–his address of record. (*See* Dkt. Entry No. 21). On September 9, 2013, the Scheduling Order was returned to the court with a notation on the envelope "ME 8/21" "NOT HERE RETURN TO SENDER." Dkt. No. 22. According to the Department of Corrections and Community Supervision Inmate Locator, plaintiff was released on August 21, 2013. http://nysdoccslookup.doccs.ny.gov. On October 10, 2013, plaintiff contacted the clerk's office and orally provided a new address. Plaintiff was directed to provide a written Notice of Change of Address. Plaintiff did not do so.

On December 6, 2013, counsel for defendant served a notice of appearance on plaintiff, but it was returned, marked "NOT HERE RETURN TO SENDER" and "Discharged 8/21." (Dkt. No. 24-1, Affirmation of Adrienne Kerwin ("Affirmation") at ¶ 9). Defendant filed his motion to dismiss for failure to prosecute on January 9, 2014. (Dkt. No. 24). Despite plaintiff's failure to file a written Notice of Change of Address as directed by the court in October, the court mailed a copy of defendant's motion to plaintiff at the address he provided over the phone, and again clearly warned plaintiff "THAT HIS FAILURE TO RESPOND TO THIS MOTION AND HIS CONTINUING FAILURE TO PROVIDE UPDATED CONTACT INFORMATION TO THE COURT IN WRITING MAY RESULT IN THE DISMISSAL OF HIS ACTION. (Dkt. No. 25, Text Order, January 10, 2014). However, plaintiff has still failed to file a written change of address, and has failed to respond to the pending motion to dismiss.

## II. Motion to Dismiss

### A. Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with the Federal Rules or an order of the court.[2] *See Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

---

[2] Courts may exercise this dismissal power *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

3

More specifically, the failure of a litigant to comply with the requirement to notify a court of a change of address is sufficient to justify dismissal of a plaintiff's complaint. *Dansby*, 1996 WL at *1 ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes . . . ."); *Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2009) (explaining that the failure of a pro se petitioner to update his address "is no small matter"); *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (collecting cases); *see also* N.D.N.Y. L.R. 41.2(b) (stating that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) may result in the dismissal of any pending action).

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of: 1) whether plaintiff's failure caused a delay of considerable duration; 2) whether plaintiff was given notice that further delay would result in dismissal; and 3) whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

### B. Application

After reviewing the record, the court finds that consideration of the factors discussed above weighs in favor of dismissal. Plaintiff has not provided an updated address to counsel for defendant, or otherwise communicated with counsel for defendant, since his release from prison over six months ago. (Affirmation at ¶¶ 11, 12). Plaintiff has ignored the court's repeated instructions to update his address in writing, and has not responded to the pending motion to dismiss. It appears, therefore, that plaintiff has abandoned this action.

This case cannot proceed if defense counsel, and this court, are unable to communicate with plaintiff. The court explicitly warned plaintiff in its June Order, that plaintiff's failure to update his address with the court may result in dismissal of the action. (June Order at 5). The court again warned plaintiff in January that his failure to respond to defendant's motion and update his contact information may result in dismissal of his action. (Dkt. No. 25, Text Order, January 10, 2014). Still, plaintiff failed to comply with the court's orders. The court, therefore, recommends dismissal of plaintiff's complaint because he has failed to properly notify the court of his change of address, despite repeated warnings that his failure to do so may result in dismissal.[3]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 24) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY.**

---

[3] The court notes that less drastic sanctions would likely be ineffective. The court has already directed plaintiff to update his address in writing, both in October, and again in January. Plaintiff has ignored these prior warnings.

5

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 21, 2014

_____
**Andrew T. Baxter**
**U.S. Magistrate Judge**